29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger GRAHAM; Sylvia Graham, Plaintiffs-Appellants,
v.
UNITED STATES of America, a sovereign nation, Defendant-Appellee.
 No. 93-15084.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 17, 1994.
Decided July 12, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roger Graham was seriously injured when he inhaled chlorine vapors while preparing to clean a swimming pool at a federal weapons testing complex in Nevada. At the time of his injury, Graham was employed by an independent contractor that had been hired by the government to perform maintenance services at the complex. One of the contractor's duties was to maintain the pool. On the day of the injury, chlorine vapors had accumulated in a storage shed adjacent to the pool because a large container of pool chemicals had been left open.[1] Graham inhaled the vapors and has since been diagnosed with chronic chemical bronchitis.
 
 
 3
 Graham sued the United States under the Federal Tort Claims Act (FTCA), alleging that the United States was negligent in failing to warn him of the hazardous condition that caused his injury and in failing to maintain a safe workplace. The district court entered summary judgment in favor of the government, and Graham appeals.
 
 
 4
 This FTCA case is governed by Nevada law. Littlefield v. United States, 927 F.2d 1099, 1102 (9th Cir.), cert. denied, 112 S.Ct. 299 (1991). Under Nevada law, a landowner has no duty to protect the employees of an independent contractor from hazardous conditions on the land that are a necessary consequence of the contractor's work. Sierra Pacific Power Co. v. Rinehart, 665 P.2d 270 (Nev.1983); see also Littlefield, 927 F.2d at 1104. Graham's injury was caused by a hazardous condition that was a necessary consequence of the job the contractor was hired to perform--cleaning the pool. See Littlefield, 927 F.2d at 1104 (potential for mudslide was a necessary consequence of contractor's construction project at Hoover Dam); Rinehart, 665 P.2d at 272-73 (dangerous condition on cooling tower was a necessary consequence of contractor's obligation to construct the tower). Furthermore, as in Littlefield and Rinehart, the defendant/landowner in this case was in no better position than the contractor to prevent the hazardous condition that caused injury to Graham.
 
 
 5
 Graham challenges these conclusions, asserting that the government could have prevented the hazardous condition by providing for better ventilation in the storage shed. We reject this argument because the hazardous condition was created, in the first instance, by the failure of the contractor's employees to secure the lid of the chemical container. The government was in no better position than the contractor to prevent the mishandling of the chemical container. Our result is compelled by the Nevada Supreme Court's decision that a contractor alone should be responsible for injuries to employees that are caused by conditions inherent in the contractor's work. Rinehart, 665 P.2d at 274.
 
 
 6
 Graham also relies upon the Nevada Supreme Court's decision in Karadanis v. Newcomb, 698 P.2d 872 (Nev.1985), but that case is materially distinguishable. In Karadanis, an independent contractor's employee was injured by a dangerous condition that had been created by the owner, not the contractor, and the condition was not a necessary consequence of the contractor's work. Id. at 874-75; see Littlefield, 927 F.2d at 1104-05 (discussing Karadanis ). Similarly, Sims v. General Tel. & Elec., 815 P.2d 151 (Nev.1991), is distinguishable because the hazardous condition causing injury to the employee of a contractor in Sims had nothing to do with the contractor's work.
 
 
 7
 The recent decision by the Nevada Supreme Court in Moody v. Manny's Auto Repair, 871 P.2d 935 (Nev.1994), does not require reversal of the district court's decision. Moody abolishes Nevada common law distinctions in the duty of care that a landowner owes to trespassers, licensees and invitees. Moody did not concern the duty owed by a landowner to the employees of independent contractors. The absence of a duty running from a landowner to a contractor's employee is not premised on the common law status of the employee, but is based on the Nevada law that a landowner should be shielded from liability where it is in no better position than a solvent contractor to prevent an injury on the land. Rinehart, 665 P.2d at 273-74.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The exact circumstances under which the container was left open are unclear from the present record. The district court found, however, and Graham does not dispute on appeal, that it was the responsibility of the contractor's employees to handle the container and use the chemicals